[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This case comes before the court as an administrative appeal from a decision of the Commissioner of Motor Vehicles to suspend the appellant's license to operate a motor vehicle for a period of six (6) months under the provisions of General Statutes § 14-227b. At a hearing held pursuant to subsection (d) of that statute, it was found by the defendant that the plaintiff refused to submit to a chemical test for intoxicating liquor or drugs when the statute required that he do so. In consequence of his refusal, suspension is mandated.
For the suspension to become operative, however, the defendant must find (and did so find) that: CT Page 6683
 1. The police officer had probable cause to arrest the operator for violations of General Statutes § 14-227a;
2. The operator was placed under arrest;
 3. The operator refused to submit to such test or analysis after being informed of the consequences; and
4. Said person was operating the motor vehicle.
A finding in the negative of any one of the statutory requirements necessitates a reinstatement of the plaintiff's license. Sec. 14-227(d).
The facts are as follows:
On January 4, 1992 at approximately 11:00 p. m., the police arrived at the scene of an accident. The plaintiff's motor vehicle had struck a vehicle in the rear. The vehicle that was struck was stopped at a red light waiting for the light to change.
The police officers smelled an odor of alcoholic beverages on the plaintiff's breath, noted slurred speech and observed watery, glassy eyes. The plaintiff was unable to recite the alphabet and could not count back from 100 to zero by fives. The plaintiff failed the field sobriety tests. He admitted to the officers that he was the operator of the motor vehicle.
The plaintiff was placed under arrest and transported to the police station.
The plaintiff testified that when he was at the police department, although he requested a urine test, no test of any nature was administered to him. The plaintiff further testified that during the entire time he was in custody, the police officers did not request the plaintiff to submit to any tests. The plaintiff then testified that no test was offered to him, although he requested that he be given a urine test.
The plaintiff was given the right to place a telephone call but, when he got to the phone, he refused to make the call. He indicated he was going to contact either a friend or an attorney. The plaintiff claims he never had the opportunity to contact an attorney. CT Page 6684
The court's review of this matter is statutorily restricted to a determination whether in light of the evidence presented to the commissioner, the commissioner (hearing officer) had acted unreasonably, arbitrarily or in abuse of his discretion. See § 4-183g C.G.S. It is not the function of the trial court to retry the case or substitute its judgment for that of the commissioner.
The plaintiff contends that there was insufficient evidence on which the hearing officer could base a finding that the plaintiff refused to submit to a chemical test. He supports this argument by pointing to the fact that the police officer neglected to check the box in Section E of the A44 form to show which test the officer requested the plaintiff to take. However, the narrative section of the report, which the court has ruled admissible, plainly stated that the plaintiff refused to submit to a chemical test and then proceeded to rant and rave at the police officers and was subsequently placed in a cell. The police officer indicated on the printed portion of the A44 form that the plaintiff refused to submit to a test. Finally, in compliance with § 14-227b(c), an additional witness signed a statement that the plaintiff refused to submit to a test. The court concludes that there was substantial evidence to support the hearing officer's finding that the plaintiff refused to be tested, and the court may not, therefore, disturb that finding.
The plaintiff also contends that the extra pages of the narrative which were attached to the police officer's A44 form should not have been admitted in evidence because each of those pages was not separately executed by the police officer under oath. However, the face page of the A44 form contains instructions providing, in part, as follows:
 "Attach additional sheets or materials necessary to explain portions of this Report. Such attachments are considered part of this Report and are approved by the Commissioner. The statements and information contained therein are sworn to under penalty of false statement.
As indicated, the face page contains the police officer's signature under penalty of false statement as required by General Statutes § 14-227b(c). The A44 form contained instructions that provided that additional explanatory sheets should be attached, if necessary, and such reports would be considered part of the report and were approved by the commission. Each such attached page bore CT Page 6685 the signature of the arresting officer and was dated the same date as the face page. The plaintiff's only objection is that each page was not sworn to. There is, however, no requirement in the statutes, regulations or case law for such a precaution, and common sense indicates that it would be, at most, an empty formality.
The police officers had before them the following:
1. an admission of operation;
2. an individual who had an odor of alcohol on his breath;
 3. an individual who was unsteady on his feet, had slurred speech and bloodshot eyes;
 4. an individual who could not successfully repeat the alphabet or count by fives from 100 to zero; and
5. an individual who did not pass the field sobriety test.
The hearing officer had the police officers' A44 report in accordance with the procedure established by § 14-227b(c) C.G.S.
The court finds that the court has jurisdiction to hear this appeal.
There was sufficient evidence in the record for the defendant commissioner to find, and he did so find, that:
 1. the police officer had probable cause to arrest the operator for violation of § 14-227d;
2. the operator was placed under arrest;
 3. the operator referred to submit to a chemical alcohol test or analysis after being informed of the consequences; and
4. said person was operating the motor vehicle.
It is not the function of the trial court to retry this case or to substitute its judgment for that of the commissioner. An examination of the record supports the ultimate decision reached by the defendant and his findings and his decisions were not arbitrary, unreasonable, illegal, or an abuse of his discretion. CT Page 6686
Accordingly, the appeal of the plaintiff is dismissed.
Coppeto, J.